UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN PHILLIPS and JEFFREY PHILLIPS, administrators of the estate of MATTHEW PHILLIPS, deceased, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 22 C 1048 |
| v. | ) ) | Judge Wood |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) | |

**UNITED STATES' ANSWER TO COMPLAINT**

The United States, by its attorney, John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, for its answer to plaintiffs' complaint, states as follows:

**First Defense**

This suit is barred by the FTCA's discretionary function exception because it is based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty. 28 U.S.C. § 2680(a).

**Second Defense**

The Federal Tort Claims Act limits recovery, if any, to the amount of the administrative claim.

**Third Defense**

Plaintiffs' recovery, if any, is limited to amounts recoverable under the Federal Tort Claims Act.

**Fourth Defense**

Plaintiffs' claims are barred by the Federal Law Enforcement Officer Immunity Act, 745 Ill. Comp. Stat. 22/10, because the prison officials' conduct does not rise to the level of willful or wanton conduct.

**Fifth Defense**

Plaintiffs' claims are barred to the extent that their decedent's alleged injuries were caused by an act or omission of a third-party or third-parties who were not employed by the federal government.

**Six Defense**

Answering the specific allegations of the complaint, and using the same paragraph numbering, defendant admits, denies, or otherwise avers as follows:

<u>Jurisdiction & Venue</u>

1. **Complaint:** This Action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680. Accordingly, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1346(b)(1), and 2671, *et seq*.

    **Response:** The United States admits that plaintiffs purport to bring a tort claim against it under the Federal Tort Claims Act, but it denies that any federal officers or employees committed any negligent act or omission. The United States further generally admits that the court has jurisdiction over FTCA claims against it under 28 U.S.C. § 1346(b)(1). However, the United States denies that this court has jurisdiction to the extent that one of the exceptions to the FTCA applies, such as the discretionary function exception, 28 U.S.C. § 2680(a).

2. **Complaint:** Venue in this judicial district is proper pursuant to 28 U.S.C. § 1402(b), as it is the judicial district in which the acts and/or omissions complained of occurred.

    **Response:** Admit.

Parties

3. **Complaint:** Plaintiffs Susan Phillips and Jeffrey Phillips are the parents of decedent Matthew Phillips. On May 19, 2020, the Probate Court of Williamson County, Texas, No. 20-0352-CP4, appointed Plaintiffs the Independent Co-Administrators of the estate of Matthew Jacob Phillips.

**Response:** The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph; accordingly, they are denied.

4. **Complaint:** Plaintiffs' Decedent, Matthew Jacob Phillips ("Matthew"), was at all times relevant hereto an inmate in the custody of the United States Bureau of Prisons (hereinafter "BOP"). Matthew's Bureau of Prisons Register Number was 43864-380.

**Response:** Admit.

5. **Complaint:** This action alleges violations of Illinois State law by employees of the BOP acting in the course and scope of their employment. The BOP is a governmental entity created by the United States to administer its federal prison system. Therefore, the United States is the proper defendant in this action pursuant to 28 U.S.C. § 1346(b)(1) and 28 U.S.C. § 2674.

**Response:** The United States admits that this is plaintiffs' characterization of their cause of action, but it denies that any federal officers or employees committed any negligent act or omission. The United States admits that the Federal Bureau of Prisons is a government agency, that certain staff were "acting in the course and scope of their employment" for FTCA purposes, and that the United States is the proper defendant in this FTCA case. The United States denies the remaining allegations.

General Factual Allegations

6. **Complaint:** Matthew was killed while in the custody of the BOP. Following Matthew's death, Plaintiffs attempted to learn the facts and circumstances surrounding their son's death by filing with the BOP a request for information under the Freedom of Information Act, including such basic documentation as Matthew's prison file. (*See* Request Number 2021-01934.) In response, the BOP stated that it "determined that any records responsive to [Plaintiffs'] request are categorically exempt from disclosure," citing 5 U.S.C. § 552(b)(7)(A). To date, the BOP has not produced any documents requested through Plaintiffs' FOIA Request.

**Response:** The United States admits that Matthew was killed while in federal custody. The United States also admits that Jeremy Tor of Spangenberg, Shibley, and Liber submitted FOIA Request No. 2021-01934, and that the Bureau of Prisons withheld the requested records under 5 U.S.C. § 552(b)(7)(A). The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph; accordingly, they are denied.

7. **Complaint:** The only primary source documents Plaintiffs have received regarding the events leading up to their son's death are his medical records and handwritten letters he mailed them.

**Response:** The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph; accordingly, they are denied.

8. **Complaint:** Accordingly, this Complaint concerns matters peculiarly within the knowledge of the Defendant United States, not the Plaintiffs. As a result, Plaintiffs must plead certain facts on information and belief.

**Response:** The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph; accordingly, they are denied.

<u>Allegations Common to All Counts</u>

9. **Complaint:** Matthew was Jewish and had a Star of David tattooed on his chest.

**Response:** The United States admits that Matthew designated his religion as "Jewish" on or about September 22, 2015, and that Matthew had a tattoo appearing to be the Star of David somewhere on his chest. To the extent the allegations go to the sincerity of Matthew's faith, the United States lacks knowledge or information sufficient to form a belief about the truth of those allegations; accordingly, they are denied.

10. **Complaint:** On or about October 20, 2018, Matthew was sentenced to serve a term in prison by the U.S. District Court for the Western District of Texas, Austin Division, Case No. 1:14-cr-00332-LY.

**Response:** The United States admits that Matthew was sentenced to serve an 87-month term of imprisonment in *United States v. Phillips*, No. 14 CR 332 (W.D. Tex.), but denies that he was sentenced on October 20, 2018.

11. **Complaint:** On or about February of 2019, Matthew was incarcerated at USP Pollock in Pollock Louisiana, where he became involved in a fight with members of a gang believed to be affiliated with the Aryan Brotherhood (hereinafter referred to as the "Gang").

**Response:** The United States admits that Matthew was incarcerated at USP Pollock, located in Pollock, Louisiana, on February 13, 2019, and that Matthew was observed striking an inmate-member of the Aryan Brotherhood of Texas. As to the remaining allegations in this paragraph, the United States lacks knowledge or information sufficient to form a belief about the truth of them; accordingly they are denied.

12. **Complaint:** Members of the Gang harbor antisemitic views and targeted Matthew because he was Jewish and bore the Star of David tattoo on his chest.

**Response:** The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph; accordingly, they are denied.

13. **Complaint:** After this conflict Matthew filed a grievance with the BOP, explaining that he believed BOP employees violated BOP policies by sending him into the recreation yard with the members of the Gang.

**Response:** The United States admits that Matthew filed Administrative Remedy 981126-F1 and that it was procedurally rejected; deny the remainder.

14. **Complaint:** As a result of this conflict, the BOP transferred Matthew to USP Thomson, in Thomson, Illinois.

**Response:** The United States admits that the February 13, 2019, fight and Incident Report No. 3223830, which Matthew received for Fighting with Another Person, served as one of several reasons he was sent to the Special Management Unit at USP Thomson in Thomson, Illinois.

15. **Complaint:** At USP Thomson, Matthew was again placed into the recreation yard with a member of the Gang in or around December 2019. The Gang member attacked Matthew because Matthew was Jewish, and a fight ensued.

**Response:** The United States admits that Matthew was involved in a fight on December 20, 2019. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph; accordingly, they are denied.

16. **Complaint:** BOP employees were aware of the fight, and on information and belief, took administrative action against Matthew and/or other inmates as a result.

**Response:** The United States admits that Matthew received Incident Report No. 3342688 for a violation of Code 201, Fighting with Another Person. The United States lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph; accordingly, they are denied.

17. **Complaint:** On March 2, 2020, BOP employees again placed Matthew into the recreation yard with members of the Gang. The members of the Gang attacked and severely beat Matthew.

**Response:** The United States admits Matthew was placed into a recreation area on March 2, 2020, with five other inmates, and that two of those inmates began striking Matthew. The United States denies the remaining allegations of this paragraph.

18. **Complaint:** On information and belief, no BOP employees intervened to stop the fight.

**Response:** Deny.

19. **Complaint:** Matthew later succumbed to his injuries and died on March 5, 2020.

**Response:** Admit.

20. **Complaint:** EMS records state that Matthew was "found at 07:30 unresponsive."

**Response:** The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph; accordingly, they are denied.

6

21. **Complaint:** Medical records state that Matthew was found "in the prison cell unresponsive at 7:30 AM. Per the reports of the prison guards the patient was posturing."

**Response:** The United States admits that medical records maintained by Mercy Medical Center in Clinton, Iowa, contain a statement from "Kalinowska MD, Ewa" that "I was notified by the nurse practitioner from the prison of transfer to the emergency department of a 31-year-old Caucasian male who was found in the prison cell unresponsive at 7:30 AM. Per the reports of the prison guards the patient was posturing."

22. **Complaint:** Another account in the medical records states that, according to prison staff, Matthew "was found on the floor of the prison recreation area and stated he was assaulted by another inmate and he was 'stomped in his face by a foot' and was unconscious for approximately 1 minute. The patient was in the recreation area for approximately 5 minutes before the assault at approximately 07:30."

**Response:** The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph; accordingly, they are denied.

23. **Complaint:** All BOP employees, including those at USP Pollock and USP Thomson, knew or should have known that violent conflict was substantially certain to occur if members of the Gang were permitted to have recreational time with Jewish inmates, such as Matthew, and that such violent conflict was substantially certain to occur if members of the Gang were permitted to have recreational time at the same time as Matthew specifically.

**Response:** Deny.

24. **Complaint:** On information and belief, under BOP policies and procedures, it is mandatory for BOP employees to segregate and/or separate inmates who are known to have had violent conflict with one another and/or who are known to be members of rival gangs and/or factions within the prison. BOP employees do not have discretion to allow those inmates to have recreational time together, without separation.

**Response:** The United States admits that the BOP has a policy governing the identification and management of inmate separation assignments. The United States further admits that the policy requires that inmates with separation assignments not have any physical contact with one another. The United States denies the remaining allegations in this paragraph.

25. **Complaint:** On further information and belief, considering the previous and known conflicts between Matthew and members of the Gang and pursuant to the mandatory policies set forth above, BOP employees at both USP Pollock and USP Thomson were required to

7

enter orders to keep Matthew separated from members of the Gang at all times, including in the recreation yard.

**Response:** The United States admits that Matthew had separation assignments to keep him separated from six specific individual inmates of varying gang-affiliation but not including the two individual inmates who attacked him on March 2, 2020. The United States denies the remaining allegations of this paragraph.

26. **Complaint:** Prior to March 2, 2020, on information and belief, BOP employees had failed to enter the mandatory separation of the Gang.

**Response:** Deny.

27. **Complaint:** Alternatively, on March 2, 2020, on information and belief, BOP employees failed to follow the mandatory separation orders to keep Matthew separated from members of the Gang.

**Response:** Deny.

28. **Complaint:** On information and belief, BOP employees assigned to monitor and supervise the recreation yard do not have discretion to abandon their posts.

**Response:** Deny.

29. **Complaint:** On further information and belief, one or more BOP employees assigned to monitor and supervise the recreation yard at USP Thomson on March 2, 2020, abandoned their post in breach of their nondiscretionary duties.

**Response:** Deny.

30. **Complaint:** On information and belief, BOP employees are required to immediately intervene to stop inmates from assaulting one another.

**Response:** Deny.

31. **Complaint:** On further information and belief, on March 2, 2020, one or more BOP employees failed to intervene to stop or prevent Matthew from being assaulted by members of the Gang.

**Response:** Deny.

32. **Complaint:** The acts and omissions of the BOP employees described in this Complaint occurred while those BOP employees were acting in the course and scope of their employment with the BOP.

**Response:** The United States admits the BOP employees were acting within the scope of their employment. The United States denies plaintiffs' characterization of the events giving rise to this lawsuit and any remaining allegations in this paragraph.

33. **Complaint:** As a direct and proximate result of the actions and omissions of the BOP employees described in this Complaint, Matthew suffered significant bodily injury, pain, and suffering, including, but not limited to, traumatic brain injury and death.

**Response:** Deny.

34. **Complaint:** As a further direct and proximate result of the actions and omissions of the BOP employees described in this Complaint, Plaintiffs Susan Phillips and Jeffrey Phillips, along with Matthew's next of kin, including his brother and sister, have and will forever suffer those injuries and damages set forth in Illinois' Wrongful Death Act, 740 ILCS 180, including, but not limited to, grief, sorrow, mental and emotional suffering, and special damages arising out of the death of Matthew.
.

**Response:** Deny.

35. **Complaint:** On or about June 14, 2021, in compliance with 28 U.S.C. § 2401(b), Plaintiffs submitted to the North Central Regional Office of the BOP an administrative complaint for damage, injury, and death using Standard Form 95.

. **Response:** The United States admits that it received a Standard Form 95 signed by Michael P. Lewis of Spangenberg, Shibley, & Liber on June 24, 2021, on behalf of plaintiffs.

36. **Complaint:** Like this Complaint, the administrative complaint alleges that the BOP employees' failures to separate inmates with known conflicts and to supervise the recreation yard caused $10,000,000 in personal injury damages and $10,000,000 in wrongful death damages.

**Response:** The United States admits that plaintiffs sought $10,000,000 in personal injury and $10,000,000 in wrongful death damages. The United States denies plaintiffs' characterization of the events giving rise to this lawsuit and their administrative claim and any remaining allegations in this paragraph.

37. **Complaint:** On or about December 21, 2021, Regional Counsel for the U.S. Department of Justice, Bureau of Prisons issued a Final Denial of Claim in response to Plaintiffs' Administrative Claim No. TRT-NCR-2021-06434, pursuant to 28 C.F.R. § 14.9.

**Response:** Admit.

38. **Complaint:** Plaintiffs filed this Action within six months of the mailing of the Final Denial of Claim.

**Response:** Admit.

FIRST CLAIM FOR RELIEF: Wrongful Death
(Pursuant to the Illinois Wrongful Death Act, 740 ILCS 180, *et seq*.)

39. **Complaint:** Plaintiffs repeat and reallege each and every allegation set forth in each and every preceding paragraph as if fully rewritten herein.

**Response:** The United States re-avers its responses to the allegations set forth in each and every preceding paragraph.

40. **Complaint:** At all times relevant, Matthew was an inmate in the custody of the BOP.

**Response:** Admit.

41. **Complaint:** At the time of his death, Matthew was incarcerated at USP Thomson, in Thomson, Illinois.

**Response:** Admit.

42. **Complaint:** Under Illinois law, BOP employees at USP Thomson owed Matthew a duty of reasonable care. Specifically, the standard of care required BOP employees at USP Thomson to follow mandatory BOP policies and procedures with regard to the entry and enforcement of inmate separation orders. The standard of care further prohibited BOP employees from abandoning their posts, including, but not limited to, in the recreation yard. Last, the standard of care required BOP employees to intervene to stop the ongoing assault of one inmate by another.

**Response:** Deny.

43. **Complaint:** By failing to adhere to these mandatory, non-discretionary BOP policies and procedures, the BOP employees referenced in this Complaint breached the duty of reasonable care they owed to Matthew and the applicable standard(s) of care.

**Response:** Deny.

44. **Complaint:** If the BOP employees referenced in this Complaint had been private citizens, and not employees of the federal government, they would be liable for Matthew's wrongful death based upon their conduct described herein.

**Response:** Deny.

10

45. **Complaint:** At the time the BOP employees committed the acts and omissions constituting the breaches described in this Complaint, significant personal injuries and death to Matthew were the reasonably foreseeable result of the BOP employees' acts and omissions.

**Response:** Deny.

46. **Complaint:** The acts and omissions of those BOP employees that constitute breaches of the duty of reasonable care owed to Matthew and the applicable standard(s) of care occurred while those employees were acting in the course and scope of their employment with the BOP.

**Response:** Deny.

47. **Complaint:** As a direct and proximate result of the acts and omissions of the BOP employees described herein, Matthew suffered personal injuries, including, but not limited to, traumatic brain injury, and died from those injuries on March 5, 2020.

**Response:** Deny.

48. **Complaint:** As a further direct and proximate result of those BOP employees' breaches described herein, Plaintiffs Susan Phillips and Jeffrey Phillips, along with Matthew's next of kin, including his brother and sister, have and will forever suffer those injuries and damages set forth in Illinois' Wrongful Death Act, 740 ILCS 180, including, but not limited to, grief, sorrow, mental and emotional suffering, and special damages arising out of the death of Matthew.

**Response:** Deny.

SECOND CLAIM FOR RELIEF: Negligence
(Pursuant to the Illinois Survival Act, 755 ILCS 5/27-6)

49. **Complaint:** Plaintiffs repeat and reallege each and every allegation set forth in each and every preceding paragraph as if fully rewritten herein.

**Response:** The United States re-avers its responses to the allegations set forth in each and every preceding paragraph.

50. **Complaint:** Plaintiffs Susan Phillips and Jeffrey Phillips, as Independent Co-Administrators of the Estate of Matthew Jacob Phillips, assert this Claim for Relief on behalf of Matthew.

**Response:** Admit.

51. **Complaint:** The BOP employees described in this Complaint owed Matthew a duty of reasonable care and were required to adhere to the applicable standard(s) of care.

**Response:** Deny.

11

52. **Complaint:** While acting in the course and scope of their employment, BOP employees breached the duties they owed to Matthew as described in this Complaint.

   **Response:** Deny.

53. **Complaint:** If the BOP employees referenced in this Complaint had been private citizens, and not employees of the federal government, they would be liable for Matthew's personal injuries and conscious pain and suffering based upon their conduct described herein.

   **Response:** Deny.

54. **Complaint:** At the time the BOP employees committed the acts and omissions constituting the breaches described in this Complaint, significant personal injuries and death to Matthew were the reasonably foreseeable result of the BOP employees' acts and omissions.

   **Response:** Deny.

55. **Complaint:** As a direct and proximate result of the BOP employees' breaches described in this Complaint, Matthew suffered significant personal injuries, mental and emotional anguish, and conscious pain and suffering from the time he was assaulted on March 2, 2020, until his death on March 5, 2020.

   **Response:** Deny.

WHEREFORE, the United States requests that the case be dismissed with costs and that the court award such further relief as may be appropriate.

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By: s/ Kathleen M. Przywara
    KATHLEEN M. PRZYWARA
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-4137
    kathleen.przywara@usdoj.gov