UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN PHILLIPS and JEFFREY PHILLIPS, administrators of the estate of MATTHEW PHILLIPS, deceased, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 22 C 1048 |
| v. | ) ) | Judge Wood |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) | |

**JOINT INITIAL STATUS REPORT**

Plaintiffs Susan Phillips and Jeffrey Phillips, as administrators of the estate of Matthew Phillips, deceased, by their attorney, and defendant United States of America, by its attorney John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, have conferred as required by Rule 26(f), and jointly submit the following discovery plan pursuant to the court's July 5, 2022 order. Dkt. 12.

    **1.**     **Nature of the Case**

          A.     Identify the attorneys of record for each party, including the lead trial attorney.

**On behalf of Plaintiffs: Jeremy Tor (lead trial attorney), Nicholas DiCello, Michael Lewis, and David Neiman.**

**Counsel for the defendant:**
**John R. Lausch, Jr.**
**United States Attorney**

 **By: Kathleen Przywara**
    **Assistant United States Attorney**
    **219 South Dearborn Street**
    **Chicago, Illinois 60604**
    **(312) 353-4137**
    **kathleen.przywara@usdoj.gov**

      B.      Identify any parties that have not yet been served.

**The sole defendant, the United States of America, has been served.**

      C.      State the basis for federal jurisdiction.

**Jurisdiction is based on the waiver of sovereign immunity granted by the Federal Tort Claims Act.** *See* **28 U.S.C. § 1346(b)(1).**

      D.      Describe generally the nature of the claims asserted in the complaint, any counterclaims, and the relief sought.

**Plaintiffs have brought this civil action against the United States of America pursuant to the Federal Tort Claims Act. The case arises out of the personal injuries to and death of Matthew Phillips while incarcerated and in the custody of the Bureau of Prisons (BOP).**

**Matt is Jewish and has a Star of David tattoo on his chest. During his incarceration, plaintiffs allege that Matt was the victim of multiple attacks by members of the Aryan Brotherhood, who are anti-Semitic. On March 2, 2020, BOP employees allegedly placed Matt in a recreation yard at the US Penitentiary Thomson with members of the Aryan Brotherhood. Matt was attacked and beaten about the head to the point of unconsciousness. He died on March 5, 2020, from the blunt force injuries of the head.**

**Plaintiffs, Matt's parents, assert tort claims against the United States based on the acts and omissions of BOP employees. Plaintiffs allege that Matt was in the custody, care, and control of the BOP; that the BOP owed Matt a duty to keep him safe from known and foreseeable dangers; and that the BOP violated that duty by failing to follow BOP policies and procedures by,** *inter alia***, placing members of the Aryan Brotherhood in the recreation yard with Matt and by failing to timely intervene to stop the assault of Matt.**

**At this time, defendant disputes that any actions or omissions of its employees caused any injury or damage to plaintiffs' decedent or that defendant was negligent. Defendant further asserts that the discretionary function exception to the Federal Tort Claims Act, 28 U.S.C. § 2680(a), bars plaintiffs' lawsuit because the suit is based on federal employees' exercise or performance or the failure to exercise or perform a discretionary function or duty, particularly in that it involves decisions on how to classify, group, and supervise inmates, as well as how to oversee a federal correctional facility, provide inmate security, and respond to inmate fights.**

      E.      State the major legal and factual issues in the case.

- **Whether BOP employees acted negligently and whether that negligence proximately caused Matt's personal injuries and death;**

2

- **Whether the discretionary function exception to the FTCA applies to bar plaintiffs' case against the United States; and**
- **The amount of damages.**

2. <u>**Case Plan**</u>

    A.    Identify all pending motions.

**There are no currently pending motions, but a motion for entry of a protective order is expected shortly.**

    B.    State whether any defendant anticipates responding to the complaint by motion and, if so, the basis for the intended motion.

**Defendant filed an answer in response to the complaint.**

    C.    Submit a proposed discovery plan, including the following information:

        i.    the general type of discovery needed:

**Plaintiffs anticipate discovery will be needed on the following topics:**
- **Matt Phillips' federal incarceration, including his history of issues/altercations with members of the Aryan Brotherhood;**
- **The facts and circumstances surrounding his placement in the recreation yard with members of the Aryan Brotherhood on March 2, 2020;**
- **The facts and circumstances of the attack in the recreation yard;**
- **The events following the attack, including Matt's medical care; and**
- **Damages.**

        ii.    whether discovery will encompass electronically stored information (ESI) and any anticipated issues regarding disclosure or discovery of ESI, including the form or forms in which it should be produced;

**Plaintiffs anticipate conducting discovery of the electronic information in the custody, control, or possession of the BOP related to Matt Phillips, including video surveillance footage of the attack.**

        iii.    any issues about claims of privilege or protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order;

**Defendant notes that this case will likely involve the discovery of or request for sensitive security information in possession of the Federal Bureau of Prisons, which requires greater protection from public disclosure due to the serious correctional facility security concerns implicated. Defendant also notes that the criminal**

3

**prosecution of plaintiffs' decedent's attackers is currently pending in this court, *United States v. Simonson, et al.*, 21 CR 50064 (N.D. Ill.) (Johnston, J.). The status of the criminal matter may affect discovery and progress in this matter.**

        iv.    for cases not included in the Mandatory Initial Discovery Pilot Project, the date on which Rule 26(a)(1) disclosures were made or will be made;

**Initial disclosures will be made by September 19, 2022, pending entry of a protective order in this case.**

        v.    the date by which the parties will complete fact discovery;

**The parties request a fact discovery end date of June 19, 2023.**

        vi.    whether expert discovery is contemplated and, if so, dates by which Rule 26(a)(2) disclosures will be made and expert depositions completed;

**The parties request a status hearing at the close of fact discovery to set expert discovery dates, as necessary.**

        vii.    what changes, if any, should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by the Local Rules, such as changes in the number of depositions or interrogatories permitted;

**None at this time, although Plaintiffs may later seek leave to conduct additional depositions beyond the 10 depositions the rules allow. Defendant opposes any such request at present as premature.**

        viii.    the date by which the parties must file any dispositive motions.

**The parties request a status hearing at the close of fact discovery to set a dispositive motion briefing schedule.**

    D.    State whether there has been a jury demand and the estimated length of the trial.

**There is no right to a jury trial under the Federal Tort Claims Act. The parties estimate that a bench trial will take five (5) days.**

3.    <u>**Settlement**</u>

4

A. State whether any settlement discussions have occurred and describe the status of any such discussions. Do not provide the particulars of any settlement demands/offers.

**As of the date of this filing, no settlement discussions have occurred.**

B. State whether the parties believe that a settlement conference would be productive at this time.

**At this time, the parties do not believe that a settlement conference would be productive.**

4. **Consent to Proceed Before a Magistrate Judge**

A. State whether counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment, and whether the parties unanimously consent to that procedure.

**Counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge. The parties do not unanimously consent to that procedure.**

Respectfully submitted,

*/s/ Jeremy A. Tor*
JEREMY A. TOR (*Admitted Pro Hac Vice*)
NICHOLAS A. DICELLO (*Admitted Pro Hac Vice*)
MICHAEL P. LEWIS (*Admitted Pro Hac Vice*)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232 | (216) 696-3924 (FAX)
*jtor@spanglaw.com*
*ndicello@spanglaw.com*
*mlewis@spanglaw.com*

Antonio M. Romanucci
David A. Neiman
Blake J. Kolesa
ROMANUCCI & BLANDIN, LLC
321 N. Clark Street, Suite 900
Chicago, IL 60654
aromanucci@rblaw.net
dneiman@rblaw.net
bkolesa@rblaw.net
**Counsel for Plaintiffs**

JOHN R. LAUSCH, Jr.
United States Attorney

By: /s Kathleen M. Przywara
KATHLEEN M. PRZYWARA
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-4137
kathleen.przywara@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of August 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System. Copies will be served upon counsel of record through the Court's CM/ECF Systems.

*/s/ Jeremy A. Tor*
JEREMY A. TOR (*Admitted Pro Hac Vice*)
NICHOLAS A. DICELLO (*Admitted Pro Hac Vice*)
MICHAEL P. LEWIS (*Admitted Pro Hac Vice*)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232 | (216) 696-3924 (FAX)
*jtor@spanglaw.com*
*ndicello@spanglaw.com*
*mlewis@spanglaw.com*

***Counsel for Plaintiffs***