**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SUSAN PHILLIPS and JEFFREY PHILLIPS, administrators of the estate of MATTHEW PHILLIPS, deceased, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ) ) ) ) ) No. 22-cv-01048 ) ) Judge Andrea R. Wood ) ) Magistrate Judge Maria Valdez ) ) ) ) |

**AGREED PRIVACY ACT AND HIPAA PROTECTIVE ORDER**

In this Federal Tort Claims Act action, the parties will be disclosing, producing, and subpoenaing certain documents and information that may be protected by the Privacy Act of 1974, 5 U.S.C. § 552a, or the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 ("HIPAA"). In particular, the United States wishes to produce documents and information pertaining to plaintiffs Susan and Jeffrey Phillips's administrative tort claim, documents and information pertaining to sensitive internal policies of the Federal Bureau of Prisons, and Matthew Phillips's medical records, all of which may contain personal and/or health care information pertaining to Matthew Phillips, employees of the Federal Bureau of Prisons, or other individuals who were involved in the incidents giving rise to this lawsuit.

In order to permit the disclosure and discovery of information relevant to the subject matters of this case in a manner that is consistent with the Privacy Act and HIPAA, and that does not provide undue public access, pursuant to 5 U.S.C. § 552a(b)(11), 45 C.F.R. § 164.512(e), and Rule 26(c) of the Federal Rules of Civil Procedure it is hereby ORDERED as follows:

1. Pursuant to 5 U.S.C. § 552a(b)(11) and 45 C.F.R. § 164.512(e), the parties to this litigation may produce, subpoena, receive, and use documents and testimony otherwise restricted by the Privacy Act and HIPAA for the purposes of this litigation only and shall take reasonable steps to prevent the disclosure of such testimony or documents for any purposes other than this litigation.

2. As used in this order, "confidential information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) medical information concerning Matthew Phillips, prison officials, or other inmates; (c) personal identity information; (d) information and video recordings that concern sensitive matters that may compromise the safety and security of Bureau of Prisons operations, prison officials (including their families), inmates, and the community, and/or law enforcement techniques; (e) internal investigations; (f) information contained in an inmate's central file; (g) documents disclosing the Bureau of Prisons' sensitive deliberative process; (h) administrative tort claim information; (i) administrative remedy information; (j) personnel information; and (k) information concerning ongoing investigations and investigatory techniques. Confidential information is further defined to include all Program Statements labeled as "SENSITIVE BUT UNCLASSIFIED: STAFF ACCESS ONLY" or "CONTROLLED SENSITIVE BUT UNCLASSIFIED INFORMATION – STAFF ACCESS ONLY" or "SENSITIVE BUT UNCLASSIFIED INFORMATION – STAFF ACCESS ONLY," and other sensitive and official-use only records of the Bureau of Prisons. Information or documents that are available to the public may not be designated as confidential information.

    3.     Designating Documents or Testimony:

        a.     Any party producing or disclosing documents, information, records, whether electronic or otherwise, responses to discovery requests, audio or video recordings, or similar things during the course of this litigation (collectively referred to as "litigation material") may designate as confidential any litigation material, or portions thereof which the producing party believes, in good faith, constitute or contain confidential information. To mark something as confidential, the producing party shall stamp the document as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER." Any copies that are made of any documents marked "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" shall also be so marked. If either party does not agree with the designation, the party may object within 14 days of the party's receipt of the designated materials. If the parties are unable to reach an agreement, the party proposing the designation shall file a motion with the court. The material shall be treated as confidential information until the court resolves the dispute. The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this Order.[1]

        b.     In the event that deposition transcripts are created in this action, a party may designate information disclosed as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by requesting that all or part of the transcript be treated as confidential at the time of the deposition or in writing within 14 days after receipt of the transcript; provided, however, that the entire deposition or transcript shall be treated as confidential during this period.

---

[1] An attorney who reviews the documents and designates them as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER must be admitted to the Bar of at least one state but need not be admitted to practice in the Northern District of Illinois unless the lawyer is appearing generally in the case on behalf of a party. By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

    c. Designated material must retain the "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" watermark, header and/or footer except the designation may be removed from any trial exhibit before the exhibit is tendered to a witness. Upon conclusion of the trial, all exhibits subject to this provision shall be returned to the United States and preserved as modified under this provision for the record on appeal.

    d. If either party believes that any document or information should be withheld from a potential or actual witness, specifically any witness who is an inmate, the material shall be marked as "ATTORNEYS' & PLAINTIFFS' EYES ONLY." Such material may include any information that falls within the definition of confidential information and meets the additional requirement that showing the information to the potential or actual witness who is an inmate would pose a significantly heightened risk to safety of persons and institutional security. Such material will be subject to the terms of this order as well as the heightened requirement that neither the inmate/witness may be permitted to view the material. If either party does not agree with the attorneys'-and-plaintiffs'-eyes-only designation, the party may object within 14 days of the party's receipt of the designated materials. If the parties are unable to reach an agreement, the party proposing the heightened restriction shall file a motion with the court. The material shall be treated as attorneys' and plaintiffs' eyes only until the court resolves the dispute. Material designated must retain the "ATTORNEYS' & PLAINTIFFS' EYES ONLY" watermark, header and/or footer except the designation may be removed from any trial exhibit before the exhibit is tendered to a witness. Upon conclusion of the trial, all exhibits subject to this provision shall be returned to the United States and preserved as modified under this provision for the record on appeal.

4. Possession and Disclosure of Confidential Information:

a. Confidential information may be disclosed by either party or their counsel only to: (i) the parties' expert(s); (ii) secretaries, legal assistants, paralegals, associates or assistants of either parties' counsel and/or the parties' expert(s) when working under the direct supervision of said counsel or expert(s) and when such disclosure is reasonably necessary to the preparation for trial or the trial of this case; (iii) court personnel including, but not limited to, stenographic reporters engaged in such proceedings as are necessarily incident to the preparation for trial; and (iv) the author or recipient of the document (not including a person who received the document in the course of litigation).

b. If an actual or potential witness is an inmate, a copy of the portion(s) of the document or record containing the confidential information shall not be given to that person, but the information may be shown to and discussed with the person to facilitate the investigation of the claims and defenses in this case, unless the material is designated as attorneys' and plaintiffs' eyes only.

5. Counsel for plaintiffs may permit plaintiffs to view any confidential information in preparation of this case. Counsel may discuss any confidential information with plaintiffs in furtherance of plaintiffs' claims. Counsel may present any confidential information to plaintiffs via a videoconferencing platform, and plaintiffs agree not to take screenshots, photographs, videos, recordings, or make any other kind of in-kind reproductions or duplications of such information or documents over the platform, as counsel and plaintiffs agree that plaintiffs will not be provided with copies of information designated "attorneys' and plaintiffs' eyes only" to possess. Counsel may use confidential information to formulate lines of inquiry in the development of other fact

witnesses related to plaintiffs' claims unless it is also designated as attorneys' and plaintiffs' eyes only.

6. All persons permitted access to confidential information by this order shall be bound by this order, including but not limited to experts, consultants, investigators, or other non-parties retained to assist in this litigation.

7. Except as set forth above, confidential information and material designated as attorneys' and plaintiffs' eyes only shall not be disclosed by any person to whom it has been furnished absent the written permission of the producing party or permission or order of the court after the filing of an appropriate motion, and pursuant to the entry of an order.

8. Prior to disclosing any confidential or attorneys'-and-plaintiffs'-eyes-only information to any person (other than counsel and persons employed by counsel described above in paragraph 4(a)), counsel shall provide any such person—including plaintiffs—with a copy of this protective order and obtain from such person a written acknowledgment, found in Attachment A, stating that he or she has read this protective order and agrees to be bound by its provisions. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this order for a period of three years after the termination of the case.

9. Confidential information and material designated as attorneys' and plaintiffs' eyes only shall not be incorporated into a brief or other court filing unless it (1) is filed under seal, or (2) written notice has been provided to the producing party and the producing party does not object to the filing. If the producing party objects, then the filing party and the producing party shall meet and confer, and if unable to resolve the objection, the matter shall be brought before the court for resolution.

10. Confidential information is to be used only for the subject matter of the above-captioned case, and it shall not be disclosed by the parties, counsel for the parties or any other person to whom such information has been disclosed pursuant to this order for any purpose other than in this litigation, including any appeal. At the conclusion of this litigation, including the time-period for appeal, counsel shall maintain all material designated as confidential information and attorneys' and plaintiffs' eyes only under the terms and conditions of this order.

11. Within 60 days after the final disposition of this litigation, all persons permitted access to confidential information or material designated as attorneys' and plaintiffs' eyes only shall return that information or material to the producing party or destroy the records (and all copies made) pursuant to 45 C.F.R. § 164.512(e)(1)(v)(B). However, notwithstanding other provisions in this order, and subject to all existing limitations on disclosure of records by United States (such as, but not limited to, the Privacy Act, 5 U.S.C. § 552a, etc.), nothing in this order restricts in any way the use or retention of disclosed records by the United States, its agencies, or agents in accordance with or to enforce federal law.

12. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated confidential information so long as that work product does not duplicate verbatim substantial portions of confidential information, and (2) one complete set of all documents filed with the court including those filed under seal. Any retained confidential information shall continue to be protected under this order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use confidential information.

13. Counsel shall advise their clients of their obligations under this order and shall likewise advise all expert(s), secretaries, legal assistants, paralegals, associates or assistants, or

7

other authorized individuals, including but not limited to potential or actual witnesses to whom confidential information and material designated as attorneys' and plaintiffs' eyes only is disclosed of their obligations under this order.

14. This order is without prejudice to the rights of any party or any interested member of the public to make any objection to the designation of records as confidential. If such an objection cannot be resolved without court intervention, the objecting party or interested member of the public may bring the matter before the court, treating the records as confidential until a court determination is made.

15. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

16. The Bureau of Prisons will provide plaintiffs' counsel with a disk with Nicevision software for viewing subject video files. Plaintiffs are not permitted to make copies of the software and must return the software to the United States within the same timeframe as stated in the previous paragraphs.

17. This order shall remain in full force and effect after the final disposition of this litigation, or until canceled, vacated, or otherwise modified by order of this court.

ENTERED:

Dated: October 20, 2022

_____

Andrea R. Wood
United States District Judge

8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SUSAN PHILLIPS and JEFFREY PHILLIPS, administrators of the estate of MATTHEW PHILLIPS, deceased, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | No. 22-cv-01048 <br><br> Judge Andrea R. Wood <br><br> Magistrate Judge Maria Valdez |

## ATTACHMENT A: ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated October __, 2022, in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern.

Name:
Job Title:
Employer:
Business Address:

_____
Signature

Dated: _____