UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN PHILLIPS and JEFFREY PHILLIPS, administrators of the estate of MATTHEW PHILLIPS, deceased, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 22 C 1048 |
| v. | ) ) | Judge Wood |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO LIFT OR MODIFY THE STAY**

The United States' response in opposition to Plaintiffs' motion to lift or modify the stay (Dkt. 42) makes extreme and unsupported assertions that do not hold up under scrutiny.

It claims that lifting or modifying the stay will "undo and forfeit the benefits that the stay has provided." Dkt. 42, p. 4. No explanation or justification is provided for the assertion.

The government also claims that lifting or modifying the stay "would play into the defense delay strategy in the criminal case because the discovery generated in the civil case would have to be provided to the criminal prosecutors, sorted, and litigated. Forcing the government to do this is also inefficient because it will take away time resources, and energy needed to prosecute and prepare the criminal case for trial." *Id.*, p. 5. No explanation is offered as to why "discovery generated in the civil case would have to be provided to the criminal prosecutors, sorted, and litigated." Indeed, with respect to documents already in the government's possession, it presumably has already fulfilled its obligation under the Federal Rules of Criminal Procedure to produce discoverable documents to the criminal defendants. Accordingly, there would be no burden on the government in the criminal case if it were required to produce in this civil case

documents *are already in its possession* that are responsive to Plaintiffs' written discovery requests, which were propounded in December 2022. Contrary to the government's conclusory assertion, "the prosecution" would not be "derailed" by such limited discovery. *Id.*, p. 10.

The government's complaint about "the burdens on the United States that would be presented by lifting or modifying the stay of the civil case" misses the mark. *Id.*, p. 13. The primary "burden" courts consider when evaluating a stay is the danger of infringing an individual defendant's Fifth Amendment privilege against self-incrimination. *See Chagolla v. City of Chicago*, 529 F. Supp. 2d 941, 947 (N.D. Ill. 2008) ("Any individual defendant who is forced to respond to discovery will be faced with the choice of whether to claim or waive the privilege against self-incrimination."). That burden does not exist here because the government has no Fifth Amendment privilege and is not a defendant in the criminal case.

Perhaps most disconcerting about the government's brief is the dramatic assertion that discovery generated in this civil case will create "the risk of jury nullification in the criminal prosecution through the injection of tangential or even irrelevant issues into that matter." *Id.*, p. 3. This betrays a lack of confidence in the jury to follow the law and in the judge presiding over the criminal case to follow the rules of evidence and exclude irrelevant material. One would expect such an extreme claim to be backed up by law or facts.

Equally perplexing is the government's assertion that "discovery in this case would allow the civil discovery process to expand the scope of discovery in the criminal prosecution beyond that allowed by the criminal discovery rules." *Id.*, p. 7. Discovery in the criminal case is governed by the criminal discovery rules. *See* Fed.R.Crim.P. 16. The government cites no authority for the proposition that the civil discovery rules could somehow alter the criminal discovery rules. To be sure, courts consider the danger in allowing individual defendants "to use the civil discovery

2

process to ferret out the particulars of the prosecuting authorities' case against them." *Chagolla*, 529 F. Supp. 2d at 946. *See Lee v. City of Chicago*, 2009 WL 10739927, at *2 (N.D. Ill. Oct. 9, 2009) ("[A] trial court must be wary of the risk that a party in a criminal case may use liberal civil discovery procedures to gather evidence that he might not be entitled to under the more restrictive criminal rules.") But that has nothing to do with "expand[ing] the scope of discovery in the criminal prosecution." Dkt. 42, p. 7. Courts are, instead, concerned about allowing civil litigants to obtain information they would not be entitled to obtain in the related criminal case. That danger does not exist here because the criminal defendants are not parties to this civil case.

It is hard to escape the conclusion that the government's primary objective is to continue to thwart Plaintiffs' access to basic information about the facts and circumstances surrounding their son's fatal beating that occurred while he was in the government's custody and control. At a minimum, the government should produce discoverable documents currently in its possession. Whether any other discovery should go forward—*e.g.*, third-party discovery or depositions—can be revisited by the parties, and the Court if necessary, at a later date. *See Chagolla*, 529 F. Supp. 2d at 948 (granting a stay but still permitting the plaintiff "leave to serve written discovery requests" upon the defendant); *Commodity Futures Trading Comm'n v. Nowak*, 2020 WL 3050225, at *5 (N.D. Ill. June 8, 2020) (granting a stay but ruling that "document discovery may proceed"); *Glover v. Upmann*, 2020 WL 1433801, at *4 (N.D. Ill. Mar. 24, 2020) (granting a stay of deposition discovery but not written discovery).

                                                Respectfully submitted,

                                                */s/ Jeremy A. Tor*
                                                JEREMY A. TOR (*Admitted Pro Hac Vice*)
                                                NICHOLAS A. DICELLO (*Admitted Pro Hac Vice*)
                                                MICHAEL P. LEWIS (*Admitted Pro Hac Vice*)
                                                **SPANGENBERG SHIBLEY & LIBER LLP**

1001 Lakeside Avenue East, Suite 1700
Cleveland, OH  44114
(216) 696-3232 | (216) 696-3924 (FAX)
*jtor@spanglaw.com*
*ndicello@spanglaw.com*
*mlewis@spanglaw.com*

Antonio M. Romanucci
David A. Neiman
Blake J. Kolesa
ROMANUCCI & BLANDIN, LLC
321 N. Clark Street, Suite 900
Chicago, IL 60654
*aromanucci@rblaw.net*
*dneiman@rblaw.net*
*bkolesa@rblaw.net*

***Counsel for Plaintiffs***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of August 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System. Copies will be served upon counsel of record and may be obtained through the Court's CM/ECF Systems.

>*/s/ Jeremy A. Tor*
>JEREMY A. TOR (*Admitted Pro Hac Vice*)
>NICHOLAS A. DICELLO (*Admitted Pro Hac Vice*)
>MICHAEL P. LEWIS (*Admitted Pro Hac Vice*)
>**SPANGENBERG SHIBLEY & LIBER LLP**
>1001 Lakeside Avenue East, Suite 1700
>Cleveland, OH 44114
>(216) 696-3232 | (216) 696-3924 (FAX)
>*jtor@spanglaw.com*
>*ndicello@spanglaw.com*
>*mlewis@spanglaw.com*
>
>**Counsel for Plaintiffs**